131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fernando C. SUNGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70935.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Nov. 14, 1997.
 
 1
 Before GOODWIN, and T.G. NELSON, Circuit Judges, and RHOADES,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Petitioner Fernando C. Sunga, a native and citizen of the Philippines, seeks review of the Board of Immigration Appeals' (BIA's) decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 4
 The actions taken against petitioner by members of the Islamic Front stemmed from a personal dispute between petitioner and Surini's father, an Islamic Front leader. The first abduction occurred after Eduardo and Surini eloped together, and was motivated by Surini's relatives' desire to locate Eduardo. The second abduction occurred after Surini left Eduardo and returned home pregnant, and was again motivated by Surini's relatives' desire to find Eduardo. Neither of these abductions were "because of " petitioner's religion, see INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992), but instead because Surini's relatives believed that petitioner knew Eduardo's location. As the BIA concluded, the abductions were "an act of retribution, not persecution."
 
 
 5
 Petitioner's vague testimony that he was told, during his second abduction, to stop converting Muslims, is insufficient to establish that the abductions were on "account of" petitioner's religion. This testimony, made in passing and consisting of only two general statements, are insubstantial in light of petitioner's detailed description of the abductions during which petitioner focused on the interrogator's interest in Eduardo's whereabouts and Eduardo's relationship with Surini.
 
 
 6
 Petitioner's vague testimony that the prior leader of his Christian group was killed by the Islamic Front is likewise insufficient to establish persecution or a well-founded fear of persecution. The testimony lacked any detail or specificity or evidence that this death was in any way linked to petitioner's abduction or that the killing was motivated by the prior leader's religion.
 
 
 7
 The BIA's finding that the abductions and petitioner's fear of persecution were not "on account" of petitioner's religion is supported by reasonable, substantial and probative evidence in the record.
 
 
 8
 The petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable John S. Rhoades, Sr., United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3